FILED
U.S. DISTRICT OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ JUN 19 2009 ★
BROOKLYN OFFICE

PAUL, HASTINGS, JANOFSKY & WALKER LLP
Robert L. Sherman (RS 5520)
75 East 55th Street
New York, NY 10022
(212) 318-6000

*Attorneys for Plaintiff FragranceNet.com, Inc.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**09   2626**

**BIANCO, J.**

-------------------------------------------------------

FragranceNet.com, Inc.,

                              Plaintiff,

- against -

Les Parfums, Inc., Les Perfumes, Inc., UltraFragrances,
Inc., Ultra Fragrances, Inc., Ultrafragrances.com,

                              Defendant.

-------------------------------------------------------

CV **BOYLE, M.J**

**COMPLAINT**

**JURY TRIAL REQUESTED**

        Plaintiff FragranceNet.com, Inc. ("FragranceNet" or "Plaintiff"), by and through

its attorneys, Paul, Hastings, Janofsky & Walker LLP, as and for its Complaint against defendant

Les Parfums, Inc., Les Parfums, Inc., UltraFragrances, Inc., Ultra Fragrances, Inc., and

Ultrafragrances.com ("Ultra Fragrances" or "Defendant") alleges as follows, upon actual

knowledge with respect to itself and its own acts and upon information and belief as to all other

matters.

### NATURE OF THE ACTION

        1.        This is an action to recover for the damage caused by, and to prevent further

damage arising from, Defendant's acts of federal trademark infringement and trademark dilution;

passing off; trademark infringement, trademark dilution, unfair competition, unfair and deceptive

practices, and misappropriation in violation of the statutory and/or common law of each state in

which Defendant does business, including without limitation New York General Business Law § 133 and California Business and Professions Code §§ 17200 *et seq.*; and unjust enrichment.

2. FragranceNet owns and operates an on-line retail store that sells perfumery and related products.

3. This action arises out of Defendant's bidding on, purchase and use of keywords, including Plaintiff's trademarks, in Google's AdWords program with the full knowledge that so doing will cause Defendant to appear as a "Sponsored Link" when a consumer types "fragrancenet," "fragrancenet.com" or other variations of FragranceNet's mark into an Internet keyword search.

4. Defendant's acts are without permission from or compensation to FragranceNet. Defendant has generated substantial revenue and benefit as a result of the use of FragranceNet's trademarks, to FragranceNet's great and irreparable harm.

5. FragranceNet seeks preliminary and permanent injunctive relief and compensatory and punitive damages based on Defendant's acts of trademark infringement, dilution, misappropriation, unfair and deceptive practices, unfair competition, and unjust enrichment in violation of the laws of the United States, the State of New York, the State of California, and every other state in which Defendant does business.

6. This action arises under the trademark, unfair competition and dilution laws of the United States, Sections 32, 43(a) and 43(c) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a) and (c), under § 133 of the New York General Business Law, under §§ 17200 *et seq.* of the California Business and Professions Code, as well as under the statutory and common law of the State of New York, the State of California, and every other state in which Defendant does business.

- 2 -

## PARTIES

7.      FragranceNet is a Delaware corporation having its principal place of business at 104 Parkway Drive South, Hauppauge, NY 11788.

8.      On information and belief, Defendant Les Parfums, Inc. and/or Les Parfumes, Inc. is a corporation organized under the laws of the State of California, with a business address of 1055 South Maple Avenue, Los Angeles, California 90015, doing business as Ultra Fragrances, Inc. and/or Ultrafragrances.com.

9.      On information and belief, Defendant UltraFragrances, Inc. is a corporation organized under the laws of the State of California, with a business address of 1055 South Maple Avenue, Los Angeles, California 90015, doing business as Ultra Fragrances, Inc. and/or Ultrafragrances.com.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over the subject matter of this action under Section 39 of the Lanham Act, 15 U.S.C. § 1121 and under the jurisdictional provisions of Title 28 of the United States Code, 28 U.S.C. §§ 1331, 1338, and 1367.

11.     This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant transacts business in this district and has purposely targeted its activities, among other places to this district, and because its conduct takes place and causes FragranceNet injury in this state and district.

12.     Venue in this district is proper pursuant to 28 U.S.C. § 1391.

- 3 -

**FACTS**

13.     FragranceNet is in the business of selling perfumery and related goods via its on-line retail store posted at www.fragrancenet.com. That Web site has been in operation since January 1997, and has become one of the most popular on-line perfume stores in the United States.

14.     FragranceNet owns U.S. Registration Nos. 3,339,343 and 3,559,768 for FRAGRANCENET and FRAGRANCENET.COM, respectively, and has used each of those marks in connection with its online retail sales services in the fields of perfumery, aromatherapy, candles and hair care preparations since at least January 27, 1997.

15.     FragranceNet markets and promotes its retail services under the marks FRAGRANCENET and FRAGRANCENET.COM through widely circulated national magazines, newspaper inserts, direct mailings and other advertising venues.

16.     In connection with its FRAGRANCENET and FRAGRANCENET.COM marks, FragranceNet has sold millions of dollars of perfume products through its Web site, which accepts orders directly from consumers.

17.     FragranceNet has acquired a reputation for high quality retail sales and customer services offered under its FRAGRANCENET and FRAGRANCENET.COM marks and customers recognize those marks as identifying the retail services provided by FragranceNet. As a result, the FRAGRANCENET and FRAGRANCENET.COM marks are assets of substantial value and evidences the goodwill of FragranceNet.

18.     FragranceNet has discovered that when a search for "fragrancenet," "fragrancenet.com" or other variations of FragranceNet's marks are conducted on search engines such as Google, an advertisement for Defendant's Web site, UltraFragrances.com/Perfume_Sale,

- 4 -

appears immediately proximate to the search results screen, accompanied by a link to Defendant's Web site. That form of advertising on Google is conducted through Google's AdWords Program, and such advertisements are called "Sponsored Links." Such activity constitutes use in commerce. Upon information and belief, the only way to have one's Sponsored Link appear on a search results screen is to have bid on a keyword that triggers the appearance of a Sponsored Link. Sponsored Links typically appear at the very top of the screen and also in the right margin. Annexed hereto as Exhibit A are copies of the search results screens for searches run on Google on or about June 12, 2009 for "fragrancenet," "fragrance net," "fragrance.net," and "fragrancenet.com" showing Defendant as a Sponsored Link.

19.     Upon information and belief, Internet search providers offering Sponsored Links programs, such as the AdWords Program offered by Google, permit an advertiser to specify whether the keywords it bids on should be applied to its Web site as a "broad match," "phrase match," "exact match" or "negative match." Google's "broad match" option is the default option.

20.     Upon information and belief, under a "broad match," an advertiser will appear as a Sponsored Link when a search is run for its keyword, as well as any plural forms, synonyms, similar phrases or other relevant variations of that keyword.

21.     Upon information and belief, "phrase matching" permits an advertiser to bid on a phrase such as "designer fragrance." The advertiser's Sponsored Link will appear whenever a search is conducted for that phrase in the specified order, even if the phrase is used in combination with other words, such as "bad designer fragrance."

- 5 -

22. Upon information and belief, an "exact match" operates like a phrase match but will display the advertiser's Sponsored Link only when the exact phrase is the subject of the search, not when the phrase is run in combination with any other words or terms.

23. Upon information and belief, a "negative match" is treated as a reverse exact match and permits an advertiser to specify particular circumstances in which it will not trigger a Sponsored Link. For example, if an advertiser bid on the keyword "designer fragrance" and opted for a "phrase match" but did not want its Sponsored Link to appear when a consumer types in "bad designer fragrance," it could update its Google account to include a negative match for "bad designer fragrance."

24. Upon information and belief, Defendant has bid on certain keywords, including Plaintiff's trademarks, that cause its Sponsored Link to appear when a search is run for "fragrancenet," or other variations of FragranceNet's mark. That is clear because Defendant's Web site appears as a Sponsored Link when a consumer conducts an Internet keyword search, *i.e.*, types in, "fragrancenet" or other variations of FragranceNet's mark.

25. On June 2, 2009, FragranceNet formally notified Defendant that it was infringing FragranceNet's rights in and to its trademarks and violating state statutes prohibiting unfair competition, and demanded that Defendant cease and desist from all further infringement. Fragrance further advised Defendant that Defendant could use negative match, a well-known and commonly-used mechanism, to avoid having Defendant's Web site appear as a Sponsored Link when consumers search on the keyword "fragrancenet" or other variations of Plaintiff's mark.

26. On June 10, 2009, counsel for Defendant responded to FragranceNet's cease and desist, refusing to stop purchasing keywords based on FragranceNet's mark. Upon information and belief, Defendant has also refused to use negative match to avoid having Defendant's Web

- 6 -

page appear as a Sponsored Link when consumers search on keywords that comprise FragranceNet's mark.

27.     Consumers who conduct Internet keyword searches for "fragrancenet," "fragrancenet.com" or other variations of FragranceNet's mark are looking for FragranceNet's Web site.  To the extent that they are diverted to Defendant's Web site, such diversion is improper.

28.     FragranceNet never has consented to or acquiesced in Defendant's bidding on certain keywords, including Plaintiff's trademarks, that cause its Sponsored Link to appear in the search results when a user searches for "fragrancenet," or other variations of FragranceNet's marks.

29.     Upon information and belief, Defendant knew, or should have reasonably expected, that its conduct would have the consequence of misdirecting consumers to its Web site rather than to FragranceNet's Web site by providing a computer user with direct access, through a link, to its Web site despite the fact that the computer user had typed in FragranceNet's name and was searching for FragranceNet's Web site.

30.     Upon information and belief, Defendant reasonably expected to receive revenue from interstate or international commerce by misdirecting consumers to its Web site rather than to FragranceNet's Web site through its purchase of the keywords in Google's AdWords program with the full knowledge that they will cause Defendant to appear as a Sponsored Link when a consumer conducts an Internet keyword search for "fragrancenet," "fragrancenet.com" or other variations of FragranceNet's mark.

31.     Upon information and belief, Defendant's infringing conduct has caused confusion among persons familiar with FragranceNet's services and business and is likely to continue to cause such confusion.

32.     Upon information and belief, FragranceNet has lost, and will continue to lose, profits to Defendant through Defendant's bidding on, purchase and use of keywords in Google's AdWords program that Defendant knows will cause Defendant to appear as a Sponsored Link when an Internet keyword search is conducted for "fragrancenet," "fragrancenet.com" or other variations of FragranceNet's mark. Upon information and belief, FragranceNet will sustain further lost profits to Defendant as a result of such wrongful conduct.

33.     Upon information and belief, Defendant's wrongful conduct has deprived and will continue to deprive FragranceNet of opportunities for expanding its goodwill.

34.     Upon information and belief, unless enjoined by this court, Defendant will continue its course of conduct and wrongfully use, infringe upon and otherwise profit from the sale of products through the unauthorized use of FragranceNet's mark.

35.     As a direct and proximate result of Defendant's acts alleged herein, FragranceNet has already suffered irreparable injury and has sustained lost profits to Defendant.

36.     FragranceNet has no adequate remedy at law.

## COUNT I
### (Trademark Infringement)

37.     FragranceNet repeats and realleges the allegations contained in paragraphs 1 - 36 of the Complaint as if fully set forth herein.

38.     Defendant has knowingly and willfully infringed Plaintiff's FRAGRANCENET and FRAGRANCENET.COM trademarks through its bidding on, purchase and use of keywords, including Plaintiff's trademarks, in Google's AdWords program that Defendant knows will cause

- 8 -

Defendant to appear as a Sponsored Link when an Internet keyword search is conducted for "fragrancenet," "fragrancenet.com" or other variations of FragranceNet's mark.

39.     Defendant's acts have caused and are likely to cause confusion or mistake by consumers with respect to Defendant's affiliation, connection or association with FragranceNet and with FragranceNet's services.

40.     Defendant's activities violate Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. § 1114 and § 1125(a), and are likely to cause consumer confusion as to the origin, sponsorship or approval of Defendant's services.

41.     Defendant's wrongful use of FRAGRANCENET and FRAGRANCENET.COM is usurping the reputation and goodwill associated with FragranceNet's mark and constitutes unfair competition.

42.      As a result, the actions of Defendant complained of herein have caused, are causing and, unless enjoined by the Court, will continue to cause irreparable harm, damage and injury to FragranceNet.

43.     The actions of Defendant complained of herein have resulted in profits to Defendant to which FragranceNet is rightfully entitled.

44.     The actions of Defendant complained of herein constitute an exceptional case within the meaning of 15 U.S.C. § 1117(a) of the Lanham Act.

### COUNT II
### (Trademark Dilution)

45.     FragranceNet repeats and realleges the allegations contained in paragraphs 1- 44 of the Complaint as if fully set forth herein.

46.     By reason of FragranceNet's continued use and the substantial marketing and advertising of the retail services it offers in connection with FRAGRANCENET, the

- 9 -

FRAGRANCENET mark is widely recognized by the general consuming public as a designation

of the source of FragranceNet's retail services and, as such, it is a distinctive and famous mark

within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)(1) and became

famous prior to Defendant's unauthorized use thereof.

47.     Defendant's willful acts complained of herein have caused and are likely to cause

dilution of FRAGRANCENET and FRAGRANCENET.COM in that Defendant's purchase of

certain keywords in Google's AdWords program, including Plaintiff's trademarks, that will

result in the unauthorized display of Defendant's Web site as a Sponsored Link when an Internet

keyword search is conducted for "fragrancenet," "fragrancenet.com" or other variations of

FragranceNet's mark are likely to lessen the ability of FRAGRANCENET and

FRAGRANCENET.COM to identify and distinguish FragranceNet's retail services from those

of others, including those that Defendant offers, and to erode and whittle away the source-

identifying qualities of FragranceNet's mark.

48.     As a direct and proximate result of Defendant's actions, FragranceNet has

suffered and will continue to suffer irreparable harm, damage and injury, resulting in profits to

Defendant to which FragranceNet is rightfully entitled.

49.     FragranceNet has no adequate remedy at law.

### COUNT III
### (Passing Off)

50.     FragranceNet repeats and realleges the allegations contained in paragraphs 1 - 49

of the Complaint as if fully set forth herein.

51.     Defendant's acts, as set forth herein, are likely to cause consumer confusion as to

the origin, sponsorship or approval of Defendant's services and constitute passing off in violation

- 10 -

of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and under the common law of the State of New York, the State of California, and every other state in which Defendant does business.

## COUNT IV
### (Common Law Trademark Infringement)

52.      FragranceNet repeats and realleges the allegations contained in paragraphs 1 – 51 of the Complaint as if fully set forth herein.

53.      Defendant's acts, as set forth herein, constitute trademark infringement under the common law of the State of New York, the State of California, and every other state in which Defendant does business.

54.      By reason of Defendant's activities complained of herein, FragranceNet has been and is being irreparably damaged by such acts, resulting in profits to Defendant to which FragranceNet is entitled.

## COUNT V
### (New York General Business Law § 133)

55.      FragranceNet repeats and realleges the allegations contained in paragraphs 1 – 54 of the Complaint as if fully set forth herein.

56.      The conduct by Defendant, as alleged herein, constitutes the assumption, adoption or use in bad faith and with the intent to deceive or mislead the public, for advertising purposes or purposes of trade, of a designation or style, or a symbol or simulation thereof which may deceive or mislead the public as to the identity of Defendant or its goods and services or as to the connection of Defendant with FragranceNet, in violation of Section 133 of the New York General Business Law.

LEGAL_US_E # 84060258.3

## COUNT VI
### (California Business and Professions Code §§ 17200 *et seq.*)

57.     FragranceNet repeats and realleges the allegations contained in paragraphs 1 – 56 of the Complaint as if fully set forth herein.

58.     Defendant's acts, as alleged herein, constitute unfair competition and unfair and deceptive practices in violation of Sections 17200 *et seq.* of the California Business and Professions Code.

59.     FragranceNet has no adequate remedy at law.

## COUNT VII
### (State Law Dilution)

60.     FragranceNet repeats and realleges the allegations contained in Paragraphs 1 – 59 of the Complaint as if fully set forth herein.

61.     Defendant's use of Plaintiff's FRAGRANCENET and FRAGRANCENET.COM marks has diluted and is likely to dilute that mark in violation of N.Y. General Business Law § 360-l, California Business and Professions Code § 14330, and the law of every state in which Defendant does business.

62.     As a result, FragranceNet has and will continue to suffer damage to the value of its FRAGRANCENET and FRAGRANCENET.COM marks unless remedied by this Court.

## COUNT VIII
### (Injury to Business Reputation)

63.     FragranceNet repeats and realleges the allegations contained in paragraphs 1 – 62 of the Complaint as if fully set forth herein.

64.     Defendant's intentional acts have caused and will continue to cause FragranceNet substantial harm and irreparable injury, and will dilute the value of Plaintiff's FRAGRANCENET and FRAGRANCENET.COM trademarks.

- 12 -

65.     As a result, FragranceNet has and will continue to suffer damages to the value of its business reputation and its FRAGRANCENET and FRAGRANCENET.COM trademarks unless remedied by this Court.

## COUNT IX
### (Common Law Unfair Competition and Misappropriation)

66.     FragranceNet repeats and realleges the allegations contained in paragraphs 1 – 65 of the Complaint as if fully set forth herein.

67.     The acts of Defendant as alleged herein constitute unfair competition and misappropriation of FragranceNet's common law trademark rights under the laws of the State of New York, the State of California, and of every other state in which Defendant does business, which will cause irreparable injury to FragranceNet unless enjoined by this Court.  FragranceNet has acquired a reputation for quality and reliability for its retail services and consumers have come to identify the FRAGRANCENET and FRAGRANCENET.COM marks as identifying retail services emanating exclusively from FragranceNet.  As a result, that mark represents a valuable asset to FragranceNet.

68.     Defendant has acted knowingly and with reckless disregard of FragranceNet's valuable rights, in bad faith and with the intent of deceiving the public.

69.     Defendant's infringement has resulted in, is designed to and will likely cause confusion and deceive purchasers of online perfume products into believing that they are purchasing a product from FragranceNet rather than from Defendant.  Defendant's participation in Google's AdWords program, by bidding on and purchasing certain keywords that will result in the unauthorized display of Defendant's Web site as a Sponsored Link when an Internet keyword search is conducted for "fragrancenet," "fragrancenet.com" or other variations of FragranceNet's mark, when the products and services Defendant offers in connection with its use

- 13 -

of those marks is not sponsored or authorized by FragranceNet, and the quality of those products

and services is not assured by FragranceNet, has caused and is causing damage to the valuable

assets, reputation and goodwill of FragranceNet.

## COUNT X
### (Unjust Enrichment)

70.     FragranceNet repeats and realleges the allegations contained in paragraphs 1 - 69

of the Complaint as if fully set forth herein.

71.     As a result of Defendant's intentional acts as described herein, including through

Defendant's unauthorized use of FragranceNet's mark and wrongful diversion of customers from

FragranceNet's Web site to Defendant's Web site, Defendant has been unjustly enriched and has

benefited at FragranceNet's expense.

72.     Equity and good conscience require restitution of any sums Defendant has

obtained as a result of its acts as described herein.

## DEMAND FOR RELIEF

WHEREFORE, FragranceNet respectfully prays for judgment to be entered against

a.     preliminarily and permanently enjoining Defendant, its officers, agents,

servants, employees and attorneys, and those persons acting in concert with it from further

violating 15 U.S.C. §§ 1114, 1125(a) and (c) and inducing, contributing to, causing, engaging or

authorizing any individual or entity to perform any of the aforementioned acts, and from

engaging in infringement, dilution, passing off, unfair competition and misappropriation under

the statutory and common law of each state in which Defendant does business.

b.     directing Defendant to account to FragranceNet for any and all gains,

profits and advantages derived from Defendant's wrongful acts complained of;

- 14 -

      c.      directing Defendant to file with the Court and serve upon attorneys for FragranceNet within thirty (30) days after entry of any preliminary or permanent injunction issued by this Court, a sworn written statement as provided in 15 U.S.C. § 1116 setting forth in detail the manner and form in which it has complied with the injunction;

      d.      awarding damages to FragranceNet against Defendant, according to proof at trial;

      e      awarding FragranceNet punitive damages in an amount to be determined at trial;

      f.      finding that FragranceNet's claim for trademark infringement constitutes an exceptional case under 15 U.S.C. § 1117(a) of the Lanham Act and awarding FragranceNet its attorneys fees; and

      g.      granting such other and further relief as the Court deems just and proper.

## JURY DEMAND

FragranceNet hereby demands a trial by jury pursuant to Fed. R. Civ. P. Rule 38.

Dated:  June 19, 2009

Respectfully submitted,

PAUL, HASTINGS, JANOFSKY
& WALKER LLP

By:  _Robert L. Sherman_

Robert L. Sherman (RS 5520)
PAUL, HASTINGS, JANOFSKY & WALKER LLP
75 East 55th Street
New York, New York 10022
(212) 318-6000

*Attorneys for Plaintiff*

FRAGRANCENET.COM, INC.

- 15 -

# EXHIBIT A







